UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

TARA KING, ED.D., individually and on behalf of her patients, RONALD NEWMAN, PH.D., individually and on behalf of his patients, NATIONAL ASSOCIATION FOR RESEARCH AND THERAPY OF HOMOSEXUALITY (NARTH), AMERICAN ASSOCIATION OF CHRISTIAN COUNSELORS (AACC),

    Plaintiffs,

v.

CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey, in his official capacity, ERIC T. KANEFSKY, Director of the New Jersey Department of Law and Public Safety: Division of Consumer Affairs, in his official capacity, MILAGROS COLLAZO, Executive Director of the New Jersey Board of Marriage and Family Therapy Examiners, in her official capacity, J. MICHAEL WALKER, Executive Director of the New Jersey Board of Psychological Examiners, in his official capacity; PAUL JORDAN, President of the New Jersey State Board of Medical Examiners, in his official capacity,

    Defendants.

Case No. _____

---

## DECLARATION OF DAVID PRUDEN

I, David Pruden, hereby declare as follows:

1. I am over the age of 18 and am submitting this Declaration on behalf of NARTH, one of the Plaintiffs in this action. The statements in this Declaration are true and correct and if called upon to testify to them I would and could do so competently.

2. I am submitting this Declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction.

3. I am the Vice President of Operations for the National Association for Research and Therapy of Homosexuality (NARTH). NARTH has hundreds of affiliated counselors, psychologists, and psychotherapists, and seventeen of those members practice in New Jersey. NARTH is a professional, scientific organization that offers hope to those who struggle with unwanted same-sex attractions, behavior, or identity. As an organization, NARTH disseminates educational information, conducts and collects scientific research, promotes effective therapeutic counseling, and provides international referrals to those who seek its assistance.

4. NARTH is engaged in extensive research concerning individuals who have successfully reduced or eliminated their unwanted same-sex attractions, behavior, or identity and the psychological factors that are typically associated with a homosexual lifestyle. NARTH offers scholarly publications and educational information to the general public. NARTH provides various presentations across the country hosted by mental health professionals who specialize in what is referred to in A3371 as sexual orientation change efforts ("SOCE") counseling.

5. NARTH advocates for an open discussion of all viewpoints concerning SOCE counseling and its potential benefits or harms to patients. NARTH supports the rights of individuals with unwanted same-sex attractions, behavior, or identity, including minors, to receive effective psychological care, including SOCE counseling, and the rights of professionals to offer that care.

6. NARTH does not advocate for or support imposing its ideology on any patient and seeks to offer the course of counseling desired by the patient in accordance with the patient's right to self-determination.

7. A3371 prohibits mental health providers from engaging in SOCE counseling, defined as "the practice of seeking to change a person's sexual orientation, including, but not limited to, efforts to change behaviors, gender identity, or gender expressions, or to reduce or eliminate sexual or romantic attractions or feelings toward a person of the same gender." NARTH's dissemination of educational information regarding same-sex attractions, behavior, or identity and promotion of effective therapeutic counseling for those with unwanted same-sex attractions, behavior, or identity appears to fall within the category of conduct A3371 prohibits. Disseminating information about, and providing referrals for, SOCE counseling would place its licensed professional members at risk of being found in violation of their respective professional codes of conduct.

8. NARTH members currently have clients who receive SOCE counseling in New Jersey. Some of the clients of NARTH members are minors who would lose all ability to continue receiving the SOCE counseling that they desire. These minor clients would suffer regression in their course of counseling as a result of their counselors being prohibited from continuing to offer the counseling desired by the client. Even though A3371 has become law, NARTH members will continue to have minor clients approach them concerning a desire to reduce or eliminate unwanted same-sex attractions, behavior, or identity. In fact, some NARTH members report that five to ten percent of their practices involve SOCE counseling and that nearly half of those seeking such counseling are minors.

9. NARTH's clients have the right to self-determination to voluntarily seek counseling to align their values and to reduce or eliminate their unwanted same-sex attractions, behaviors, or identity. A3371 is causing NARTH, its members, and clients of its members to suffer immediate and irreparable injury as it will censor the speech of NARTH members and deprive minor clients of beneficial psychological counseling from a licensed professional. Effective Monday, August 19, 2013, the State of New Jersey immediately stepped into the office of all licensed mental health professionals in New Jersey and mandated that they provide only one viewpoint on same-sex attractions, behaviors, or identity.

10. The APA Task Force Report on SOCE counseling concluded that "[s]ame-sex attractions occur in a variety of sexual orientations and sexual orientation identities, and for some, sexual orientation identity (i.e., individual or group membership and affiliation, self-labeling) is fluid or has an indefinite outcome." A3371 currently prohibits NARTH members from engaging in any practices that seek to change sexual orientation or that seek to reduce or eliminate same-sex sexual attractions, behaviors, or identity. This prohibition is virtually impossible to comply with because it is well understood in the mental health profession and conceded by the APA Task Force Report, that sexual orientation is difficult to define and encompasses a number of factors, including behavior, practices, identity, and attractions. Given that this prohibition specifically deals with a concept the APA Task Force Report concluded was "fluid," many NARTH members will be required to guess at what practices would be prohibited under the law.

11. A3371 also provides no guidance concerning whether NARTH members can refer a client to an unlicensed counselor who can engage in SOCE counseling with them without violating some ethical standard. In fact, it appears that A3371's prohibitions would require our members to encourage any client requesting SOCE counseling to avoid engaging in that course

of treatment because it is harmful. NARTH members have an ethical duty to monitor the progress of any referral while still counseling the client on other issues during the counselor-client relationship. It appears that the bill would require NARTH members to not refer any client to a person who could practice SOCE counseling because it might be a practice that seeks to reduce or eliminate someone's unwanted same-sex sexual attractions, behaviors, or identity. This type of referral practice is far from clear in the language of A3371 and does not provide me any guidance on this issue despite placing my professional license in jeopardy for making the wrong conclusion.

12. The Legislature and supporters of A3371 have consistently attempted to tie practices that had been used in the distant past with the practices that NARTH members currently use. NARTH members do not engage in any of the practices that the supporters of A3371 refer to as "aversion practices," including electric shock treatments, nausea and vomiting inducing medicine, or shame aversion. These types of techniques have been irrelevant in psychotherapy for decades, and it is illogical to attempt to bring these antiquated practices into the discussion of modern practices involving SOCE. The attempt of supporters of A3371 to lump modern therapeutic techniques with these unethical practices is inaccurate and does not describe the therapy currently engaged in with clients by NARTH members.

13. A3371 and its supporters make repeated references the notion that homosexuality is not a mental illness, that it was removed from the Diagnostic and Statistical Manual of Mental Health Disorders, and that it is not a disease that needs to be changed. Nevertheless, this ignores an important reality of the practice of psychotherapy. NARTH members and many of mental health professionals treat and counsel patients on numerous things that are neither mental illnesses or diseases. Some examples of things NARTH members and other professionals counsel clients

concerning are pornography addictions, marital infidelity, masturbation obsessions, and promiscuous lifestyles such as "swinging." None of these are mental illnesses, yet large numbers of people seek treatment and counseling for them. Additionally, the question of whether psychotherapy can help an individual does not require that what they seek treatment for be a mental illness, nor does the fact a client seeks to eliminate stress (same-sex attractions, behavior or identity or otherwise), presume or mean or send the message that the client has a mental illness. For many people who seek SOCE, homosexuality is an adaptation that causes distress in their lives and that they seek to eliminate or reduce. NARTH members are able to help these clients deal with the distress that their unwanted same-sex sexual attractions, behaviors, or identity can bring to their lives and help them deal with the resulting anxiety or pressure that results. The notion that SOCE should be banned because homosexuality is not a mental illness is simply flawed and does not reflect the reality of many psychotherapeutic practices

I declare under penalty of perjury of the laws of the United States and New Jersey that the foregoing statements are true and accurate.

Executed this 20 day of August, 2013.

David Pruden