## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA KING, ED.D., *et al.*, | Civil Action |
| Plaintiffs, | Case No. 13-cv-5038 |
| v. | Hon. Freda L. Wolfson, U.S.D.J. |
| CHRISTOPHER J. CHRISTIE, *et al.*, | |
| Defendants. | Hon. Lois H. Goodman, U.S.M.J. |

## PROPOSED INTERVENOR-DEFENDANT GARDEN STATE EQUALITY'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Michael Gluck
Andrew Bayer
GluckWalrath LLP
428 River View Plaza
Trenton, NJ 08611
Telephone:    (609) 278-3900
Facsimile:    (609) 278-3901

Frank Holozubiec
David S. Flugman
Brett J. Broadwater
Shireen A. Barday
Andrew C. Orr
   *Pro hac vice applications
         pending*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-- and --

Andrew Welz
   *Pro hac vice application
        pending*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

Shannon P. Minter
Amy Whelan
Christopher F. Stoll
   *Pro hac vice applications
         pending*
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone:   (415) 392-6257
Facsimile:   (415) 392-8442

*Attorneys for Proposed Intervenor-Defendant Garden State Equality*

Proposed Intervener Garden State Equality submits the following objections to the evidence submitted in support of the Plaintiffs' Motion for Preliminary Injunction, and requests that the evidence described below be declared inadmissible and stricken.

## GENERAL OBJECTIONS

Proposed Intervenor objects generally to the Declarations of Dr. Tara King (Dkt. # 3-1); Dr. Ronald Newman (Dkt. # 3-2); David Pruden (Dkt. # 3-3); Christopher Rosik (Dkt. # 3-4); Dr. Joseph Nicolosi (Dkt. # 3-5); and Eric Scalise (Dkt. # 3-6) to the extent that they are offered as scientific opinion on the efficacy or safety of Sexual Orientation Change Efforts ("SOCE") generally, or on minors in particular.  First, there is insufficient empirical validation of the theory that SOCE is effective or safe. Fed. R. Evid. 104(a), 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 570, 589-95 (1993). The Report of the American Psychological Association Task Force on Appropriate Therapeutic Responses to Sexual Orientation (on which Plaintiffs rely) concluded that existing studies of SOCE are inadequate to empirically demonstrate either efficacy or safety, particularly in the treatment of minors. Second, Plaintiffs' theory—that SOCE is safe and effective—is not generally accepted by licensed mental health professionals. The declarants' testimony neither demonstrates that the safety and efficacy of SOCE is generally accepted, nor provides an adequate scientific basis for that theory.  Fed. R. Evid. 104(a), 702; *Daubert*, 509 U.S. at 589-95, *Boyd v. City and County of San Francisco*, 576 F.3d 938, 945-46 (2009).  Third, even if their testimony were otherwise admissible, these witnesses have identified biases that strongly suggest that their testimony, even if admitted, should be given little weight: Dr. King and Dr. Newman are named plaintiffs in this action and testify that they have financial and professional interests at stake.  King Decl. ¶¶ 10, 13-14 (describing Declarant's professional practice of SOCE, including with minors); Newman Decl. ¶¶ 7-8 (same); Nicolosi Decl. ¶ 3 (same).  Mr. Pruden is the Vice President of Operations for one of the plaintiffs, the National

1

Association for Research and Therapy of Homosexuality ("NARTH"), Pruden Decl. ¶ 3, and Dr. Scalise is the Vice President for Professional Development for another plaintiff, the American Association of Christian Counselors ("AACC"), Scalise Decl. ¶ 1.

Moreover, if the Court applies rational basis review, the overwhelming majority of the material contained in Plaintiffs' Declarations will be irrelevant to the question of whether A3371 is merely rationally related to the state's legitimate interest.

## SPECIFIC OBJECTIONS

### Objections to Declaration of Plaintiff Dr. Tara King (Dkt. # 3-1)

| Testimony | Objection |
|---|---|
| ¶ 3 ("I have extensive experience in helping minors and in being able to meet their needs in both education and counseling.") | Irrelevant; Lacks Foundation (Fed. R. Evid. 401, 602, 702) |
| ¶ 3 ("That experience gives me a unique perspective and allows me to understand practical approaches to counseling minors and in helping those minors who struggle with unwanted same-sex attractions, behaviors, or identity.") | Irrelevant; Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 5-9 | Irrelevant; Speculation; Lacks Foundation (Fed. R. Evid. 401, 602, 702): Dr. King's experience of SOCE counseling is irrelevant because she was an adult, not a minor, at that time. |
| ¶ 10 ("Mental health counseling is inherently and properly client centered, and professional ethics mandate that mental health professionals counsel patients based solely on the client's objectives and goals.  It is unethical to attempt to impose any kind of ideology or framework on a client in counseling, so I do not even raise SOCE discussions unless a client wants to engage in such counseling.") | Irrelevant; Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |

| Testimony | Objection |
|---|---|
| ¶ 11-13 | Irrelevant; Speculation; Lacks Foundation; Hearsay (Fed. R. Evid. 401, 602, 702, 801-802) |
| ¶ 14 | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801-802) |
| ¶ 15 | Hearsay; Lacks Foundation; Speculation; Irrelevant (Fed. R. Evid. 401, 602, 702, 801-802) |
| ¶ 16 | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702 ) |
| ¶ 17 | Lacks Foundation; Speculation; Irrelevant (Fed. R. Evid. 401, 602, 702 ) |
| ¶ 18 | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801-802 ) |

## Objections to Declaration of Plaintiff Dr. Ronald Newman (Dkt. # 3-2)

| Testimony | Objection |
|---|---|
| ¶ 3-7 | Religious Beliefs (Fed. R. Evid. 610) |
| ¶ 8 ("I currently have clients who are struggling with issues that would fall under the prohibitions outlined in A3371, and the law is mandating that I provide only one viewpoint in my counseling for those minor clients.") | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 8 ("For example, I currently have a minor client who has developed confusion about the client's sexual orientation after engaging in some experimental behavior with a member of the same sex and has raised the issue during our counseling sessions about whether this makes the client a homosexual, which is a situation where A3371 would mandate only one type of counseling. As is true with much of my practice, the individuals who seek SOCE counseling from | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 401, 602, 702, 801-02) |

3

| Testimony | Objection |
|---|---|
| me do so because they have a desire to conform their attractions, behavior, and identity their sincerely held religious beliefs. Many of these individuals seek to reduce or eliminate their unwanted same-sex attractions because their religious beliefs inform them that change is possible.") | |
| ¶ 8 ("I also believe that change is possible and have personally counseled individuals who have successfully reduced or eliminated their unwanted same-sex attractions, behaviors, or identity.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 9 | Irrelevant (Fed. R. Evid. 401) |
| ¶10 | Irrelevant; Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 11 ("When both the minor client and the parents want SOCE counseling, then I explain to them the nature of such counseling. I also explain to the client that if at any point in the course of the client's therapy the client decides he no longer wants to continue counsel for same-sex attractions, behaviors, or identity, then he should inform me immediately because the client's counsel should always be based on the goals and objectives of the client.") | Irrelevant (Fed. R. Evid. 401) |
| ¶ 11 ("I explain that SOCE counseling has been effective for some people with unwanted same-sex attractions, behavior, or identity, but that the counseling can sometimes invoke stress and anxiety about past events or root causes. I have counseled a number of individuals for whom SOCE has been effective and successful, but I have also counseled individuals who determined that their same-sex attractions, behaviors, or identities were no longer unwanted. Many of the individuals I counseled that decided to stop the SOCE counseling still benefited from the counseling sessions.") | Irrelevant (as to Dr. Newman's practice); Speculation; Lacks Foundation (Fed. R. Evid. 401, 602, 702) |

4

| Testimony | Objection |
|---|---|
| ¶ 12 | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 13 | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 14 | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 15 | Irrelevant (as to Dr. Newman's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |

### Objections to Declaration of Plaintiff David Pruden (Dkt. # 3-3)

| Testimony | Objection |
|---|---|
| ¶ 7 ("NARTH's dissemination of educational information regarding same-sex attractions, behavior, or identity and promotion of effective therapeutic counseling for those with unwanted same-sex attractions, behavior, or identity appears to fall within the category of conduct A3371 prohibits. Disseminating information about, and providing referrals for, SOCE counseling would place its licensed professional members at risk of being found in violation of their respective professional codes of conduct.") | Irrelevant (as to Mr. Pruden's interpretation of A3371); Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 8 ("Some of the clients of NARTH members are minors who would lose all ability to continue receiving the SOCE counseling that they desire. These minor clients would suffer regression in their course of counseling as a result of their counselors being prohibited from continuing to offer the counseling desired by the client.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

5

| Testimony | Objection |
|---|---|
| ¶ 8 ("In fact, some NARTH members report that five to ten percent of their practices involve SOCE counseling and that nearly half of those seeking such counseling are minors.") | Hearsay (Fed. R. Evid. 801) |
| ¶ 9 ("NARTH's clients have the right to self-determination to voluntarily seek counseling to align their values and to reduce or eliminate their unwanted same-sex attractions, behaviors, or identity.") | Irrelevant (Fed. R. Evid. 401) |
| ¶ 9 ("A3371 currently prohibits NARTH members from engaging in any practices that seek to change sexual orientation or that seek to reduce or eliminate same-sex sexual attractions, behaviors, or identity.") | Irrelevant (as to Mr. Pruden's interpretation of A3371) (Fed. R. Evid. 401) |
| ¶ 10 | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 11 ("In fact, it appears that A3371's prohibitions would require our members to encourage any client requesting SOCE counseling to avoid engaging in that course of treatment because it is harmful.") | Irrelevant (as to Mr. Pruden's interpretation of A3371) (Fed. R. Evid. 401) |
| ¶ 11 ("It appears that the bill would require NARTH members to not refer any client to a person who could practice SOCE counseling because it might be a practice that seeks to reduce or eliminate someone's unwanted same-sex sexual attractions, behaviors, or identity.") | Irrelevant (as to Mr. Pruden's interpretation of A3371) (Fed. R. Evid. 401) |
| ¶ 12 | Lacks Foundation; Hearsay (Fed. R. Evid. 602, 801) |
| ¶ 13 | Speculation; Lacks Foundation; Hearsay (Fed. R. Evid. 602, 702, 801) |

**Objections to Declaration of Plaintiff Dr. Christopher Rosik (Dkt. # 3-4)**

| Testimony | Objection |
|---|---|
| ¶ 3 ("It appears that the APA operated with a litmus test when considering task force membership – the only views of homosexuality that were tolerated are those that uniformly endorsed same-sex behavior as a moral good.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 4 | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 9 (arguing that serious methodological problems "would never be tolerated by the task force were this SOCE-supportive research") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 10 (Shidlo and Schroeder (2002) and Schroeder and Shidlo (2003) had an "explicit mandate to find clients who had been harmed") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 11 ("Task Force appears to have ignored the warnings from the study's authors") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 12 ("The APA and other professional bodies that utilize [the Task Force Report] are negligent if not fraudulent") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 13 ("And since SOCE commonly involves helping clients become more aware of the stress and distress in their lives in order to manage or alleviate them, as do many approaches to mental health care, persons who leave therapy prematurely may have an increased awareness or experience of their (pre-) existing stress and distress. Thus, they may 'feel worse' as a consequence of not having allowed therapy sufficient time to help resolve the difficulties.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 14 | Irrelevant; Misleading; Prejudicial; Lacks Foundation; Speculation (Fed. R. Evid. 401, 402, 403, 602, 702) |
| ¶ 18 ("It is perfectly reasonable to believe that *not* offering professional SOCE to some | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

7

| Testimony | Objection |
|---|---|
| minors with unwanted same- sex attractions and behaviors who seek such care *may actually harm* them by *not* helping them deal with what is one of the possible consequences of sexual molestation and abuse.") | |
| ¶ 20 | Relevance (Fed. R. Evid. 401, 402, 403) |
| ¶ 21 | Relevance (Fed. R. Evid. 401, 402, 403) |
| ¶ 26 | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 28 ("This report contains the most careful and extensive database ever obtained on the childhood experiences of matched homosexual and heterosexual populations.") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 28 (arguing that one of the findings surprised the authors of the referenced study). | Speculation Rule; Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 33 ("a finding underscored even more by its occurrence in a country with a relatively accepting attitude toward homosexuality.") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 36 ("A3371's intent for a blanket prohibition on SOCE for all minors with unwanted same-sex attractions and behaviors is akin to doing heart surgery with a chainsaw in its inability to address the complex realities of sexual orientation.") | Irrelevant; Lacks Foundation (Fed. R. Evid. 401, 402, 602, 702) |
| ¶ 38 ("The experience of NARTH clinicians is that while some clients report complete change and some indicate no change, many clients report achieving sustained, satisfying, and meaningful shifts in the direction and intensity of their sexual attractions, fantasy, and arousal as well as behavior and sexual orientation identity.") | Hearsay; Double Hearsay (Fed. R. Evid. 801, 802) |
| ¶ 41 | Irrelevant; Argumentative; Lacks Foundation; Speculation (Fed. R. Evid. 401, 402, 602, 702) |

| Testimony | Objection |
|---|---|
|  |  |
| ¶ 43 ("Causatively, then, sexual orientation is by no means comparable to a characteristic such as race or biological sex which are thoroughly immutable.") | Speculation; Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 47 ("Research in this area is almost entirely reliant upon self-reports of *perceived* discrimination") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 49 ("While it is often assumed that conservative religious environments are stigmatizing and harmful for sexual minorities by definition") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 50 ("A3371 would unnecessarily and without scientific warrant eliminate the potential role of conservative religious values for ameliorating the effects of stigma in the context of SOCE. This would prevent clients from one means of prioritizing their religious values above their same-sex attractions when these factors are in conflict.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 52 | Irrelevant (as to Dr. Rosik's interpretation of A3371); Misleading (Fed. R. Evid. 403) |
| ¶ 53 ("This arguably is a form of stigma and discrimination toward practitioners of SOCE, who ironically, have developed their own set of practice guidelines that, when followed, can be expected to reduce the risk of harm to SOCE consumers") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 54 (Spitzer "may have originally wished to retract the 2003 study") | Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 56 | Irrelevant; Argumentative (Fed. R. Evid. 401, 402) |
| ¶ 61 | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 62 ("professional associations such as APA do not approach SOCE literature in an objective manner, but rather with an eye to | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

9

| Testimony | Objection |
|---|---|
| their advocacy interests") | |
| ¶ 62 (arguing that anecdotes that SOCE causes "harm" are not as well documented than that SOCE is "beneficial") | Lacks Foundation (Fed. R. Evid. 602, 702) |
| ¶ 64 | Irrelevant; Lacks Foundation; Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 65 ("Clients often pursue psychological care for such difficulties due to deeply held religious and moral beliefs (i.e., that divorce or abortion are wrong) and may experience significant emotional distress in addressing these issues. In this context, the selective attention A3371 gives to SOCE again hints at political advocacy rather than science as a primary inspiration for this law.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 66 | Irrelevant; Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 401, 602, 702) |
| ¶ 68 ("If this were not true, it would be hard to understand how the American Psychological Association's leadership body-the Council of Representatives-could vote 157-0 to support same-sex marriage") | Irrelevant (Fed. R. Evid. 401, 402) |

### Objections to Declaration of Plaintiff Dr. Joseph Nicolosi (Dkt. # 3-5)

| Testimony | Objection |
|---|---|
| ¶ 7 ("I and most NARTH members provide clients with a consent form that outlines the nature of the treatment, . . . and informs the client that success in any method of psychotherapy is not guaranteed and could potentially be harmful. In my consent form, I explicitly state that I do not, nor does anyone at my clinic, provide gay-affirming treatment.") | Lacks Foundation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 8 ("I and most NARTH members also explain that if at any point in the course of the client's therapy, the client decides that he no longer wants therapy for unwanted same-sex attractions, | Lacks Foundation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |

| Testimony | Objection |
|---|---|
| behaviors, or identity, then he should inform the counselor immediately because a client's course of treatment should always be based on his objectives.") | |
| ¶ 9 ("I and most NARTH members explain to our clients that the nature of SOCE counseling is such that many people report benefits from the counseling . . . . I explain that as with other issues people face in their lives, many people report that their recognition of their heterosexual potential and identity is a lifelong process that continues with them after therapy. | Lacks Foundation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 11 ("Most of the patients with unwanted same-sex sexual attractions, behaviors, or identity who seek SOCE do so to develop and foster healthy, heterosexual relationships and seek the elimination or reduction of their unwanted same-sex sexual attractions, behaviors, or identity. I have had many clients who, through SOCE counseling, have been able to succeed in reducing their unwanted same-sex attractions, behaviors, or identity and have reported a marked increase in their recognition of their heterosexual potential.") | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 12 ("I have also had clients who decided that they wanted to remain in the homosexual lifestyle, but report that SOCE counseling helped them to understand the nature of their homosexual identity and, as a result, were able to better cope with that identity after SOCE counseling. These same clients who decide to remain in the homosexual lifestyle have reported that they experienced no harm as a result of SOCE counseling.) | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 14 ("In fact, the APA rejected every practitioner of SOCE counseling that applied for membership on the Task Force. Many of the applicants that the APA rejected were prominent scholars in the field of same-sex attractions, behaviors, and identity, and SOCE counseling, including A. Dean Byrd, Ph.D., George Rekers, | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

| Testimony | Objection |
|---|---|
| Ph.D., Stanton Jones, Ph.D., Mark Yarhouse, Ph.D., and me.") | |
| ¶ 15 ("The APA violated long-established scientific principles by intentionally rejecting all practitioners of SOCE and prohibiting the participation of individuals with differing views, values, and practice. The scientific methodology used by the Task Force is flawed because the only voices included in the APA Report are well known for their disapproval of any efforts by homosexual individuals to seek change, even when those individuals seek such change in order to live in accordance with their sincerely-held religious or moral beliefs.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 15 ("Even the proponents of anti-SOCE legislation like A3371 attest to the need for objective and unbiased opinion when conducting a study of this nature.") | Hearsay (Fed. R. Evid. 801, 802) |
| ¶ 16 ("First, the APA Report failed to review the well-documented psychological and medical health risks associated with homosexual and bisexual behavior.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 16 ("Second, the APA Report failed to consider the factors associated with the development of homosexual attractions and merely assumed that homosexuality is as developmentally normal as heterosexuality.") | Lacks Foundation; Speculation, (Fed. R. Evid. 602, 702) |
| ¶ 16 ("Third, the APA Report did not study individuals who reported success from SOCE counseling, apparently because it considered change unnecessary and undesirable. ") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 16 ("Fourth, the APA Report elevated the standard for success in treatment for unwanted same-sex attractions, behaviors, or identity, and this standard is far higher than the standard for success applicable to any other course of psychological treatment.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

12

| Testimony | Objection |
|---|---|
| ¶ 16 ("Many other courses of treatment also have notorious reputations for resistance to success, specifically courses of treatment for narcissism, borderline personality disorder, and alcohol and drug abuse, but there is no debate about the usefulness of these courses of treatment.") | Misleading (Fed. R. Evid. 403) |
| ¶ 16 ("Nevertheless, the APA Report ignored any potential comparison to these treatment options and also ignored the fact that psychologists continue to engage in these courses of treatment despite their uncertain outcomes. Additionally, these courses of treatment all continue with the blessing of the APA and all of the other professional organizations that criticize SOCE counseling.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 17 ("Proponents of A3371 seek to increase the burden on SOCE counselors by defining success in any course of treatment as requiring that it must achieve its intended goals all or most of the time. . . . [T]he APA Report singled out SOCE alone for this absurd standard is itself strong evidence of the bias of its members.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 19 | The "implications" of the Task Force Report lack foundation and are speculation (Fed. R. Evid. 602, 702) |
| ¶ 19 ("For these individuals, the values they hold because of their religious beliefs are viewed as guideposts and sources of inspiration that help guide them on their pursuit of wholeness, and wholeness for these people can only be achieved by living in congruence with their religious beliefs.") | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 20 ("The APA Report ignores the fact that many people desire to elevate their religious beliefs above any unwanted same-sex attractions, behaviors, or identity and that they seek counseling to assist them with this goal.") | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 21 ("The APA's change in position and its | Lacks Foundation; Speculation; Hearsay (Fed. |

| Testimony | Objection |
|---|---|
| assumptions that homosexuality is immutable were based on political and social pressure, not concrete scientific evidence.") | R. Evid. 602, 702, 801, 802) |
| ¶ 22 (The definition of sexual orientation includes "pederasty, which is a homosexual relationship between a young man and a pubescent boy outside his immediate family, or pedophilia, or a host of other paraphilias or fetishes.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 23 ("A3371 . . . is aimed at reframing an individual's religious perspectives deemed antiquated or discriminatory and imposing an ideology on those individuals that do not wish to live in conformity with the view espoused by A3371 and the APA.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 24 ("The assertions of A3371 proponents are based on the unsubstantiated belief that same-sex attractions, behaviors, or identity are the result of biology.") | Lacks Foundation; Speculation; Hearsay (Fed. R. Evid. 602, 702, 801, 802) |
| ¶ 25 ("A3371 will cause immediate and irreparable harm to New Jersey licensed counselors and clinics that focus on SOCE counseling, in that A3371 will prohibit them from continuing beneficial and successful courses of treatment with minor clients and force licensed counselors to stop speaking about SOCE treatment or risk losing their licenses. This law will immediately and directly harm the counselor's right to speak to and counsel clients in accordance with not only the counselor's religious and moral values, but with the clients' religious and moral values. The law will also immediately and directly infringe upon their clients' right to receive information.") | Lacks Foundation; Speculation; Legal Conclusion (Fed. R. Evid. 602, 702, 704) |
| ¶ 26 ("Moreover, A3371's operative commencement will be a shocking disturbance to minor clients who are now in counseling. This counseling, which runs afoul of the prohibitions contained in A3371, consists solely of verbal discussion between the counselors and the clients | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

| Testimony | Objection |
|---|---|
| as individuals, exploring the clients' feelings and helping them align their feelings with their religious and moral beliefs. . . . The therapeutic alliance between the clients and counselors - established at the cost of great time, monetary expense, and trust - will be destroyed.") | |
| ¶ 26 ("There can be no further discussion regarding the client's own therapeutic goals and the therapeutic relationship upon which those goals were based to reduce or eliminate same-sex sexual attractions, behavior, or identity.") | Lacks Foundation; Speculation; Legal Conclusion (Fed. R. Evid. 602, 702, 704) |
| ¶ 27 ("When New Jersey licensed counselors are forced to terminate their SOCE counseling with minor patients, many of the minors will regress and will suffer adverse health consequences stemming from an inability to address their goal of recognizing their heterosexual potential.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 28 ("Some clients and their parents will have to seek out counselors who are not licensed and therefore not subject to the dictates of A3371. They might continue to receive the SOCE counseling they desire, but it will be administered by unlicensed professionals.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 29 ("As a clinical psychologist, my experience and opinion inform me that it is important for SOCE counseling to be engaged in by those therapists who have studied it and understand the benefits and potential risks.") | Lacks Foundation as there is no evidence that SOCE provides benefits (Fed. R. 602, 702) |
| ¶ 30 ("A3371 will cause New Jersey counselors to violate Section 3.10 of the American Psychological Association's Ethics Code ("APA Code") because they will be prohibited from even discussing a course of treatment, SOCE, that is part of the information that they are ethically required to provide to their clients. Counselors would also be prohibited from even referring a client who wants to discuss SOCE therapy to a professional who can provide it.") | Lacks Foundation; Speculation; Legal Conclusion (Fed. R. Evid. 602, 702, 704) |

| Testimony | Objection |
|---|---|
| ¶ 31 ("Compliance with A3371 will force New Jersey counselors to violate the informed consent mandates of Section 3.10 of the APA Code and probably also infringe ethical requirement outlined in General Principle E of the APA Code that a counselor allow the patient complete freedom to make a self-determined choice concerning his therapy.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 32 ("A3371 is certain to cause irreparable harm to the practice of New Jersey counselors by putting their professional license in jeopardy no matter how they proceed, and with no guidelines on how to resolve the conflict between A3371 and the ethical codes.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 33, p. 13[1] ("A3371 will also cause New Jersey counselors to violate Section 3.06 of the APA Code by causing them to enter into a relationship where their objectivity is called into question because A3371 mandates that only one ideology—i.e., the State's ideology condemning SOCE—be shared in the counselor's office.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 34, p. 13 | Lacks foundation as to evidence of harm; Speculation as to harm (Fed. R. Evid. 602, 702) |
| ¶ 35, p. 14 | Lacks foundation as to evidence of harm; Speculation as to harm (Fed. R. Evid. 602, 702) |
| ¶ 33, p. 14 ("This prohibition is virtually impossible to comply with because it is well understood in the mental health profession, and conceded by the APA Report, that sexual orientation is difficult to define and encompasses a number of factors, including behavior, practices, identity, and attractions. Given that | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

---

[1]   The Nicolosi Declaration contains two sets of paragraphs numbered 33-35. *See* Decl. of Dr. Joseph Nicolosi, Dkt. # 3-5, at 13-16. The page number is therefore provided for the sake of clarity with respect to the three pairs of duplicative paragraph numbers.

| Testimony | Objection |
|---|---|
| this prohibition specifically deals with a concept the APA Report concluded was "fluid," counselors will ultimately be required to guess at what "practices" would be prohibited under this bill.") | |
| ¶ 33, p. 15 ("Since 'sexual orientation' includes pederasty and pedophilia, for example, a counselor counseling a client who has unwanted same-sex sexual attractions toward other younger minors or acts on such attractions (behavior), will be prohibited from a course of counseling designed to reduce or eliminate such attractions, behavior, or identity. Furthermore, a counselor may not counsel a minor victim of an adult pederast or pedophile that it is wrong to engage in sexual behavior with an adult of the same-sex.") | Misleading (Fed. R. Evid. 403) |
| ¶ 34, p. 15 ("Proponents of A3371 would agree that if a teen says he is gay, he is gay. But are we to believe him? What is the credibility of a teenager who, according to the new law, cannot be believed if he says his homosexual feelings do not represent his deepest sense of self, and he wants to change? How are we to define a teenager who has same-sex attractions, behaviors, or identity but does not believe his sexual behavior makes him gay? He believes that deep down he is a heterosexual, but has same-sex attractions, behaviors, or identity. Is it behavior or identity that defines his "gayness"?) | Argumentative (Fed. R. Evid. 401, 402) |
| ¶ 34, p. 16 ("Moreover, same-sex sexual attractions, behaviors, and identity among minors often diminish or disappear spontaneously. It would be unethical for a licensed counselor to tell the client who is experiencing temporary unwanted same-sex sexual attractions, behaviors, or identity that such attractions, behavior, or identity is something the client should embrace. In not helping the client eliminate or reduce such attractions, behavior, or identity, the counselor might be pushing the client toward homosexuality, when in fact the client is | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |

17

| Testimony | Objection |
|---|---|
| heterosexual and merely experiencing a temporary period of homosexual attractions.") | |
| ¶ 35, p. 16 ("When does education and information on SOCE not become the practice of it?") | Argumentative (Fed. R. Evid. 401, 402) |
| ¶ 35, p. 16 ("ultimately, the counselor will have to guess as to whether the State of New Jersey would consider such counsel a violation of A3371. . . . A counselor educating about SOCE could likely be perceived as counseling to reduce or eliminate same-sex sexual attractions, behaviors, or identity and thus be in violation of A3371.) | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 36 ("proponents of A3371 have previously attempted to establish an arbitrary and unrealistic distinction between 'practices' of SOCE, versus a counselor's speech. . . . licensed counselors will ultimately be required to guess at whether 'practice' or 'speech' would be prohibited under this law.") | Irrelevant (as to Dr. Nicolosi's interpretation of A3371); Lacks Foundation, Speculation (Fed. R. Evid. 401, 602, 702) |
| ¶ 37 ("Counselors will be forced to guess at whether a discussion of behavior incongruent with one's beliefs and values is an effort to reduce or eliminate unwanted same-sex attractions, behaviors, or identity, which could include mannerisms or speech under A3371. . . . If counselors are prohibited from such discussions, then their clients will face irreparable harm.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 39 ("Rather, I and my colleagues who practice SOCE attempt to have parents accept their teen irrespective of their sexual orientation outcome.") | Hearsay (Fed. R. Evid. 801, 802) |

**Objections to Declaration of Plaintiff Dr. Eric Scalise (Dkt. # 3-6)**

| Testimony | Objection |
|---|---|
| ¶ 10 | Lacks Foundation (Fed. R. Evid. 602) |
| ¶ 11 ("A3371 directly and significantly undermines what is considered as a cornerstone principle in mental health counseling. This principle can be found in the language of the ethical codes of notable professional member organizations such as the American Psychological Association (AP A), the American Counseling Association (ACA), and the American Association of Marriage and Family Therapists (AAMFT), to name a few.") | Lacks Foundation; Speculation (Fed. R. Evid. 602, 702) |
| ¶ 12 | Irrelevant (Fed. R. Evid. 401) |
| ¶ 13 | Irrelevant (Fed. R. Evid. 401) |
| ¶ 16 ("Furthermore, A3371 may, in fact, represent actual harm to the client because it does not allow the licensed treating practitioner to address these competing value systems, leaving the client with no means to process the potential inner conflict.") | Speculation (Fed. R. Evid. 702) |
| ¶ 17 | Lacks Foundation (Fed. R. Evid. 602) |
| ¶ 19 | Irrelevant (as to Dr. Scalise's interpretation of A3371) (Fed. R. Evid. 401) |
| ¶ 21 | Irrelevant; Speculation (Fed. R. Evid. 401, 702) |

Dated: September 13, 2013

GluckWalrath LLP

By: ___/s Andrew Bayer_____
Michael Gluck
Andrew Bayer
428 River View Plaza
Trenton, NJ 08611
Telephone:    (609) 278-3900
Facsimile:    (609) 278-3901

KIRKLAND & ELLIS LLP

By: ___/s David S. Flugman_____
Frank Holozubiec
David S. Flugman
Brett J. Broadwater
Shireen A. Barday
Andrew C. Orr
   *Pro hac vice applications pending*
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-- and --

Andrew Welz
   *Pro hac vice application pending*
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

NATIONAL CENTER FOR
LESBIAN RIGHTS

By: ___ s/Shannon Minter_____
Shannon L. Minter
Amy Whelan
Christopher F. Stoll
   *Pro hac vice applications pending*
870 Market Street, Suite 370
San Francisco, CA 94102

Telephone:   (415) 392-6257
Facsimile:   (415) 392-8442

*Attorneys for Proposed Intervenor-Defendant*
*Garden State Equality*