UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| **TARA KING, ED.D.**, individually and on behalf of her patients, **RONALD NEWMAN, PH.D.**, individually and on behalf of his patients, **NATIONAL ASSOCIATION FOR RESEARCH AND THERAPY OF HOMOSEXUALITY (NARTH), AMERICAN ASSOCIATION OF CHRISTIAN COUNSELORS (AACC)**,<br><br>                                   Plaintiffs,<br>v.<br><br>**CHRISTOPHER J. CHRISTIE**, Governor of the State of New Jersey, in his official capacity, **ERIC T. KANEFSKY**, Director of the New Jersey Department of Law and Public Safety: Division of Consumer Affairs, in his official capacity, **MILAGROS COLLAZO**, Executive Director of the New Jersey Board of Marriage and Family Therapy Examiners, in her official capacity, **J. MICHAEL WALKER**, Executive Director of the New Jersey Board of Psychological Examiners, in his official capacity; **PAUL JORDAN**, President of the New Jersey State Board of Medical Examiners, in his official capacity,<br><br>                                   Defendants. | Case No. 13-cv-5308 |

**PLAINTIFFS' RESPONSE TO THE STATE DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Plaintiffs, by and through counsel and pursuant to Fed. R. Civ. P. 56 and L.Civ.R. 56.1 submits this response to the State Defendants' Statement of Material Facts in Support of their Cross-Motion for Summary Judgment.

Plaintiffs' Response to the State Defendants' Statement of Material Facts - 1

1. Plaintiffs admit that Governor Christie signed Assembly Bill A3371 on August 19, 2013. Plaintiffs object to Defendants' characterization of the Act and state that the Act speaks for itself.

2. Plaintiffs admit that A3371 has two sections. Plaintiffs object to Defendants' characterization of the Act and state that the Act speaks for itself.

3. Plaintiffs admit that Section 1 of A3371 contains findings. Plaintiffs object to Defendants' characterization of those findings and their selected quotations therefrom, and state that the Act speaks for itself.

4. Objection. Plaintiffs object to Defendants' characterization of the findings, and state that the Act speaks for itself.

5. Objection. Plaintiffs object to Defendants' characterization of the findings, and state that the Act speaks for itself.

6. Plaintiffs admit that the Legislature cited the APA Task Force Report. Both the Report and the Legislature's Findings are as stated in the text of A3371, and Plaintiffs object to Defendant's characterization of them. The Act and the Report speak for themselves.

7. Objection. Plaintiffs object to Defendants' selective quotation from the Task Force Report, and state that the Report speaks for itself.

8. Plaintiffs admit that the Legislature's Findings are as stated in the text of A3371, and object to Defendant's selective quotations therefrom. The Act speaks for itself.

9. Plaintiffs admit that the Legislature's Findings are as stated in the text of A3371, and object to Defendant's selective quotations therefrom. The Act speaks for itself.

10. Objection. Defendants' citation to Dr. Drescher's Declaration provides n support for the assertion that the Legislature "focused particularly on the potential harm to minors." In fact, the APA Task Force Report, on which the Legislature chiefly relied, stated that "[t]here is a lack of

published research on SOCE among children," Task Force Report at 72, and that the Task Force "found **no** empirical research on adolescents who request SOCE." *Id*. at 73 (emphasis added). Indeed, "sexual orientation issues in children are virtually unexamined." *Id*. at 91. Plaintiffs further object to the testimony of Dr. Drescher on the grounds that his assertions consist in broad conclusory statements unsupported by facts, they are speculative ("Children **may** be particularly vulnerable to statements that 'God will not love them' if they are gay," "SOCE . . . **may**, in fact, be harmful"), and they are irrelevant to the facts presented in this case (citing one study purporting to show that "family rejection is strongly associated with poor mental health outcomes," when there has been no suggestion that Plaintiffs or their clients encourage or have experienced family rejection).

    11. Plaintiffs object to the allegations in paragraph 11 on the grounds that it mischaracterizes the findings of the Legislature, is speculative and consists in gross and inadmissible generalizations untethered to any facts before the Court ("efforts to change sexual orientation **may** encourage family rejection . . .", "In SOCE approaches, simplistic representations of complex issues are often presented to clients", "parental consent is often based primarily upon their desire to change their child's sexual orientation rather than on sorting out the science and pseudoscience of human sexuality"), and the testimony of Dr. Drescher is conclusory, admittedly lacking in factual or scientific basis ("In spite of the lack of scientific studies, . . ."), contains inadmissible legal conclusions (minors "don't have the legal capacity for informed consent"), and Dr. Drescher's claims appear to address practices not before this Court (e.g., his claim of "simplistic representations" by some counselors is flatly contradicted by the testimony of Plaintiffs concerning their detailed informed consent procedures (e.g., Decl. of Dr. Newman at ¶11; Decl. of Dr. Nicolosi at ¶¶7-9).

12. Objection. Defendants' allegations in paragraph 12 are nonsensical and should be stricken as incoherent. Plaintiffs also object insofar as Defendants purport to characterize the contents of A3371; the Act speaks for itself.

13. Objection. The Act speaks for itself. Plaintiffs object to the use of selected quotations therefrom.

14. Admitted.

15. Admitted.

16. Admitted.

    Respectfully submitted,

/s/ Demetrios Stratis
    Demetrios Stratis
    New Jersey Bar No. 022391991
    Mathew D. Staver*
    Stephen M. Crampton*
    Daniel J. Schmid*
    Liberty Counsel
    Attorneys for Plaintiffs
    P.O. Box 11108
    Lynchburg, VA 24502
    Tel. 434-592-7000
    Fax: 434-592-7700
    court@LC.org

* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the court on September 20, 2013. Service will be effectuated by the Court's electronic notification system upon all counsel of record.

                                /s/ Demetrios Stratis
                                Demetrios Stratis
                                New Jersey Bar No. 022391991
                                Mathew D. Staver*
                                Stephen M. Crampton*
                                Daniel J. Schmid*
                                Liberty Counsel
                                Attorneys for Plaintiffs
                                P.O. Box 11108
                                Lynchburg, VA 24502
                                Tel. 434-592-7000
                                Fax: 434-592-7700
                                court@LC.org

*Admitted Pro Hac Vice

*Attorneys for Plaintiffs*