CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX
TRENTON, NJ 08625-0

JOHN J. HOFFMAN
*Acting Attorney General*

CHRISTOPHER S. PORRINO
*Director*

September 25, 2013

**DOCUMENT FILED ELECTRONICALLY**

The Honorable Freda L. Wolfson, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: *Tara King, Ed.D., et al., v. Chris Christie, et al.*
      Civil Action No.: 13-05038 (FLW-LHG)
      Defendants' Reply to Plaintiffs' Opposition to Defendants'
      Cross-Motion for Summary Judgment

Dear Judge Wolfson:

With this Court's permission, Defendants file this reply to address an argument raised, for the first time, by Plaintiffs in their Reply Brief. (Pls.' Reply Br., at 7-10). The reply will be brief. First, this Court should not consider the argument because Plaintiffs' failure to raise it earlier constitutes a waiver. *Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 258 n.1 (3d Cir. 2007). Second, to the extent the Court considers Plaintiffs' newfound reliance upon *United States v. O'Brien*, 391 U.S. 367 (1968), their argument is wrong. Because

Chapter 150 regulates treatment, not expressive conduct, *O'Brien* does not require the Court to subject Chapter 150 to heightened scrutiny. Rather, the legislation need only withstand rational basis scrutiny, which, as the State Defendants' primary brief explains, it easily does.

Plaintiffs' attempt to obfuscate the distinction between their practice of SOCE on minors -- i.e., the treatment of minors' minds -- and their ability to engage in free speech by expressing their views on SOCE, coupled with their incorrect interpretation of Chapter 150, renders their entire argument fundamentally flawed.

First, Plaintiffs presuppose that the practice of SOCE on minors is pure speech or, at a minimum, expressive conduct because it is effectuated through speech and therefore entitled to heightened scrutiny under *O'Brien*. This is not so. According to Plaintiffs, "SOCE counseling, along with every other modern form of psychotherapy, is the treatment of the mind carried out solely through talking with a client." (Pls.' Reply Br., at 10-11). Indeed, as Plaintiff's explain, talk therapy "is the only tool that most mental health counselors have at their disposal." *Id*. As such, SOCE is treatment; not expressive conduct.

Moreover, the Third Circuit has defined expressive conduct as "[c]onduct that is intended to be communicative and that, in context, would reasonably be

understood by the viewer to be communicative." *Bartnicki v. Vopper*, 200 F.3d 109, 120 (3d Cir. 1999). To be sure, Plaintiffs acknowledge that "SOCE counseling … is the treatment of the mind …." (Pls.' Reply Br., at 10). Therefore, by Plaintiffs' own admission, the practice of SOCE is not intended to be communicative, but rather to treat mental distress in Plaintiffs' clients. *Id*. at 12. On the other hand, a conversation between a licensed mental health provider and a client during a talk therapy session about the practice of SOCE on minors is protected speech or expressive conduct because that conversation is intended to be communicative and express the professional's views on SOCE. As Defendants explained in their moving brief, Chapter 150 does not even regulate such conversations. But once a professional engages in the actual practice of SOCE on minors, the purpose of the professional's actions shifts from speech or expressive conduct to treatment, which the State may regulate to protect the public's health and safety. *See, e.g.*, *Washington v. Glucksberg*, 521 U.S. 702, 731 (1997); *see also Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 884 (1992); *Lambert v. Yellowley*, 272 U.S. 581, 597 (1926); *Watson v. Maryland*, 218 U.S. 173, 176 (1910).

In fact, the legislative framework governing the practice of psychotherapy in New Jersey confirms that psychotherapy is not intended to facilitate

communication but to provide patients with needed treatment. *See, e.g.*, N.J. Stat. Ann. § 45:14B-3 (establishing that psychoanalytic services are "therapeutic services that are based on an understanding of the unconscious and how unconscious processes affect the human mind as a whole, including actions, thoughts, perceptions and emotions."); N.J. Stat. Ann. § 45:14BB-2(b) (providing that professional psychological services are "the application of psychological principles and procedures in the assessment, counseling or psychotherapy of individuals for the purposes of promoting the optimal development of their potential or ameliorating their personality disturbances and maladjustments as manifested in personal and interpersonal situations."); N.J. Stat. Ann. § 45:15BB-3 (defining clinical social work as "the professional application of social work methods and values in the assessment and psychotherapeutic counseling of individuals, families, or groups."); N.J. Stat. Ann. § 45:8B-2(b) (establishing that objective of marriage and family therapy is to "enabl[e] clients to achieve the optimal adjustment consistent with their welfare as individuals, as members of a family, and as citizens in society."); N.J. Stat. Ann. § 45:8B-36 (purpose of professional counseling is "to develop an understanding of interpersonal and intra personal problems and to plan and act on a course of action to restore optimal functioning to that individual or group ….").

Second, Plaintiffs misread the statute. Plaintiffs maintain that Chapter 150 bans only "counseling aimed at reducing or eliminating same sex attractions." (Pls.' Reply Br., at 3). However, Chapter 150 prohibits "the practice of seeking to change a person's sexual orientation, <u>including, but not limited to</u>, efforts to change behaviors, gender identity, or gender expressions, or to reduce or eliminate sexual or romantic attractions or feelings toward a person of the same gender …." Chapter 150 (emphasis added). By including the phrase "including, but not limited to," the Legislature provided a non-exhaustive list of examples of prohibited conduct. *See Cooper Distrib. Co. v. Amana Refrigeration*, 63 F.3d 262, 280 (3d Cir. 1995). Therefore, Chapter 150's ban on SOCE administered to minors applies irrespective of sexual orientation, contrary to the argument advanced by Plaintiffs.

In sum, Chapter 150 does not infringe upon Plaintiffs' right to engage in speech about their views on SOCE; it only prohibits the practice of SOCE on minors. Therefore, Plaintiffs' argument that Chapter 150 is subject to heightened scrutiny under *O'Brien* fails. The Court should subject the statute to rational basis scrutiny, which it passes, and grant Defendants summary judgment as a matter of law.

September 25, 2013
Page 6

Thank you for your kind consideration in this matter.

        Respectfully submitted,

        JOHN J. HOFFMAN
        ACTING ATORNEY GENERAL OF NEW JERSEY

By:    s/Susan M. Scott
        Susan M. Scott
        Deputy Attorney General

cc:    All Counsel of Record