UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA KING, ED.D., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER J. CHRISTIE, *et al.*, <br><br> Defendants. | Civil Action <br><br> Case No. 13-cv-5038 <br><br> Hon. Freda L. Wolfson, U.S.D.J. <br><br> Hon. Lois H. Goodman, U.S.M.J. |

**INTERVENOR-DEFENDANT GARDEN STATE EQUALITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' RENEWED CHALLENGE TO GARDEN STATE EQUALITY'S INTERVENOR STATUS**

Michael Gluck
Andrew Bayer
GluckWalrath LLP
428 River View Plaza
Trenton, NJ 08611
Telephone:   (609) 278-3900
Facsimile:   (609) 278-3901

Frank Holozubiec
David S. Flugman
Brett J. Broadwater
Shireen A. Barday
Andrew C. Orr
  *Pro hac vice applications*
    *pending*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

-- and --

Andrew Welz
  *Pro hac vice application*
    *pending*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

Shannon P. Minter
Amy Whelan
Christopher F. Stoll
  *Pro hac vice applications*
    *pending*
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone:   (415) 392-6257
Facsimile:   (415) 392-8442

*Attorneys for Intervenor-Defendant Garden State Equality*

## TABLE OF CONTENTS

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Auto. Ins. Co. v. Murray,*
 658 F.3d 311 (3rd Cir. 2011) .................................................................................... 2

*Arlington Heights v. Metro. Housing Dev. Corp.,*
 429 U.S. 252 (1977) ................................................................................................ 2

*Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich,*
 40 F.3d 1275 (D.C. Cir. 1994) ................................................................................. 3

*Dep't of Commerce v. U.S. House of Representatives,*
 525 U.S. 316 (1999) ................................................................................................ 2

*Diamond v. Charles,*
 476 U.S. 54 (1986) .............................................................................................. 2, 3

*Director, Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Perini N. River Assocs.,*
 459 U.S. 297 (1983) ................................................................................................ 2

*Flying J, Inc. v. J.B. Van Hollen,*
 578 F.3d 569 (7th Cir. 2009) ................................................................................... 3

*Frempong v. Nat'l City Bank of Ind.,*
 452 F. App'x 167 (3d Cir. 2011) ............................................................................. 3

*FW/PBS, Inc. v Dallas,*
 493 U.S. 215 (1990) ................................................................................................ 1

*Hollingsworth v. Perry,*
 133 S. Ct. 2652 (2013) ......................................................................................... 3, 4

*Hunt v. Wash. State Apple Adver. Comm'n,*
 432 U.S. 333 (1977) ................................................................................................ 4

*Lujan v. Defenders of Wildlife,*
 504 U.S. 555 (1992) ..................................................................................... 1, 3, 4, 5

*Mausolf v. Babbitt,*
 85 F.3d 1295 (1996) ................................................................................................ 3

*Pansy v. Boropugh of Stroudsburg,*
 23 F.3d 772 (3d Cir. 1994) ...................................................................................... 3

## **TABLE OF AUTHORITIES (CONT'D)**

Page(s)

*Roe v. Wade*,
   410 U.S. 113 (1973) ............................................................................................................. 4

*Ruiz v. Estelle*,
   161 F.3d 814 (5th Cir. 1998) ................................................................................................ 3

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*,
   547 U.S. 47 (2006) ............................................................................................................... 4

*Sosna v. Iowa*,
   419 U.S. 393 (1975) ............................................................................................................. 4

*United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cnty.*,
   754 F.2d 855 (7th Cir. 2009) ................................................................................................ 3

*Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*,
   54 U.S. 464 (1982) ............................................................................................................... 3

Plaintiffs ask the Court to revisit and reverse its previous decision to grant Garden State Equality's motion to intervene in this case and to rule instead that Garden State Equality may not intervene because it lacks Article III standing. The law of this Circuit provides no support for Plaintiffs' argument that Garden State Equality must independently establish standing in order to intervene as a party ***defendant*** in this litigation. Plaintiffs' brief fundamentally misconstrues the requirements of Article III; indeed, the cases they cite make clear that there is no need for a party seeking to intervene as a party defendant to establish Article III standing. (*See* Section I, *infra*.) Nonetheless, even if there were such a requirement, Garden State Equality easily satisfies constitutional standing requirements as its members have suffered, and absent A3371 will continue to suffer, an injury in fact that will be directly redressed by a ruling from the Court upholding the statute against Plaintiffs' constitutional challenge. (*See* Section II, *infra*.) Put simply, the Court's earlier decision to grant Garden State Equality intervenor status as a party defendant is on firm footing, and Plaintiffs' misguided request for the Court to overturn its prior ruling should be denied.

## I.   THERE IS NO REQUIREMENT THAT PARTIES SEEKING TO INTERVENE AS PARTY-DEFENDANTS ESTABLISH ARTICLE III STANDING.

It is well established that Article III requires that only justiciable "cases" and "controversies" may be maintained in a federal court, and that the doctrine of standing, which includes the elements of injury in fact, causality, and redressability, has been developed to distinguish which disputes a federal court can hear. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). It is equally well established that "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *See id.* at 561 (citing *FW/PBS, Inc. v Dallas*, 493 U.S. 215, 231 (1990)).

Where there already exists a cognizable case or controversy—*e.g.*, where the party invoking federal jurisdiction satisfies Article III standing—neither the Supreme Court nor the Third Circuit has held that a proposed intervenor is required to independently establish its own standing. *See Diamond v. Charles*, 476 U.S. 54, 68-69 (1986) (noting that it "need not decide today whether a party seeking to intervene before a District Court must satisfy not only the requirements of Rule 24(a)(2), but also the requirements of Article III," and only reaching the question of whether the intervenor appellant had standing because the original state defendant decided not to appeal an adverse decision at the district court level); *see also Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 318 n.4 (3rd Cir. 2011) (noting that "neither this Court nor the Supreme Court has determined whether a potential intervenor must even have Article III standing" and finding that it "need not today resolve the issue"). Indeed, the Supreme Court in *Diamond* implicitly acknowledged that where the original defendant to a lawsuit seeks appellate review of an adverse decision, an intervening defendant would be entitled to seek review as well, irrespective of whether the intervenor independently satisfies Article III standing. *Diamond*, 476 U.S. at 64. This is consistent with federal courts' longstanding practice not to independently verify whether additional parties satisfy Article III standing where it is clear that at least one of the parties seeking to invoke federal jurisdiction has standing. *See, e.g., Director, Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Perini N. River Assocs.*, 459 U.S. 297, 305 (1983) (noting that the presence of one party with standing "assures that an admittedly justiciable controversy is now before the Court"); *see also Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 330 (1999) (same); *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 263-64 & n.9 (1977). It is only in the rare circumstance where no party in interest seeks to appeal (and thereby invoke federal jurisdiction) that a proposed intervenor

2

would need to satisfy Article III standing. *See Diamond*, 476 U.S. at 64; *see also Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013).

Taken together, these precedents establish that the only time an intervenor, like Garden State Equality, would need to establish standing is where it is the sole party seeking to invoke federal jurisdiction, either as a sole plaintiff or as a sole appellant. There is no constitutional requirement that an intervenor must independently establish standing to participate as a party defendant in an existing dispute, like the one between Plaintiffs and the State Defendants, that undeniably constitutes a "case or controversy" under Article III.

Plaintiffs' own cited cases relating to intervenors bear out this principle.[1] *Hollingsworth*, *Diamond*, *Flying J*, and *Pansy* are all cases where a proposed intervenor was the sole party seeking to invoke federal jurisdiction, either as an appellant or as a plaintiff. *See Hollingsworth*, 133 S. Ct. at 2661; *Diamond*, 476 U.S. at 64; *Flying J, Inc. v. J.B. Van Hollen*, 578 F.3d 569, 570-71 (7th Cir. 2009); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 775 (3d Cir. 1994).[2] Indeed, *Hollingsworth* illustrates that an intervenor defendant arguing in defense of a state law need not establish Article III standing in order to be permitted to participate in trial court

---

[1] *Lujan*, *Valley Forge Christian College*, *Frempong*, and *36.96 Acres of Land*, are not intervenor cases at all, and merely recite the well-known requirements for Article III standing for parties filing a case initially. *Lujan*, 504 U.S. at 560; *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *Frempong v. Nat'l City Bank of Ind.*, 452 F. App'x 167, 172 (3d Cir. 2011); *United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Cnty.*, 754 F.2d 855, 859 (7th Cir. 2009).

[2] In both *Mausolf v. Babbitt*, 85 F.3d 1295 (1996), and *Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275 (D.C. Cir. 1994), the intervenors were seeking to invoke federal jurisdiction as party appellants, thus distinguishing those cases from this one. *Mausolf*, 85 F.3d at 1297; *Bldg. & Constr. Trades*, 40 F.3d at 1282. Notably, the Fifth Circuit, examining the issue in depth, has rejected the requirement in these cases that intervenors must establish Article III standing as inconsistent with the findings of most courts of appeals and Supreme Court doctrine that "Article III does not require each and every party in a case to have [Article III] standing." *Ruiz v. Estelle*, 161 F.3d 814, 831-33 (5th Cir. 1998).

proceedings. In *Hollingsworth*, the proponents of the California ballot initiative at issue sought and were granted the right to intervene in the district court in order to defend the state measure. Although the Supreme Court held that the initiative proponents lacked Article III standing to appeal a district court ruling striking down the state measure on their own, the Supreme Court did not disturb the district court ruling, *see* 133 S. Ct. at 2668, and did not question the propriety of the intervenors' participation in the case as defendants at the district court level. *See id.* If the lack of Article III standing of the intervenors in *Hollingsworth* was no hindrance to their participation at the district court level in defense of a state measure, then Garden State Equality certainly need not establish Article III standing here.

## II.     GARDEN STATE EQUALITY HAS ARTICLE III STANDING.

Even if Garden State Equality were required to establish Article III standing, Garden State Equality has done so here. As discussed in its intervention motion papers, Garden State Equality has associational standing based on the interests of its members. Dkt. #19-1 at 10-13; *see also Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 53 n.2 (2006); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Garden State Equality's members include LGBT youth and parents of LGBT youth, who are among the intended beneficiaries of A3371 and who would be directly harmed if the statute were struck down. Unlike the *Hollingsworth* intervenors, whom the Supreme Court held possessed no "personal stake" that was "distinguishable from the general interest of every citizen of California," *Hollingsworth*, 133 S. Ct at 2663, Garden State Equality's members have a particular, concrete interest in the constitutionality of A3371. *See Lujan*, 504 U.S. at 560. While Plaintiffs dismiss this interest as speculative, it is well established that a party can establish injury in fact based on future conduct where there is a reasonable expectation that the conduct will occur again. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 399-400 (1975); *Roe v. Wade*, 410 U.S.

4

113, 125 (1973). Garden State Equality members testified about severe, long-term harms that they suffered as a result of being subjected to these practices as minors, including depression and suicidality. *See* Dkt. #19-1 at 10. And Plaintiffs have admitted that but for the enforcement of A3371, they would resume the practices banned by the statute, exposing Garden State Equality's members who are minors or who have minor children to the severe risk of harm posed by SOCE.

Moreover, part of the benefit bestowed by the statute is the confidence that minors seeking professional counseling and their parents can have that licensed therapists in New Jersey will not engage in these harmful practices. Members of Garden State Equality who are minors or parents of minors would lose that benefit were this lawsuit to result in the invalidation of A3371.

Finally, it is equally clear that the harms that members of Garden State Equality would suffer in the absence of A3371 would be redressed by a decision upholding the law. (*See* Dkt. #19-1 at 10.) As such, Garden State Equality meets the requirements of Article III standing. *Lujan*, 504 U.S. at 560.

## CONCLUSION

For all the above reasons, the Court should reject Plaintiffs' renewed challenge to Garden State Equality's intervenor status.

Dated: October 11, 2013

GluckWalrath LLP

By: */s Andrew Bayer*
Michael Gluck
Andrew Bayer
428 River View Plaza
Trenton, NJ 08611
Telephone:    (609) 278-3900
Facsimile:    (609) 278-3901

KIRKLAND & ELLIS LLP

By: */s David S. Flugman*
Frank Holozubiec
David S. Flugman
Brett J. Broadwater
Shireen A. Barday
Andrew C. Orr
  *Pro hac vice applications pending*
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-- and --

Andrew Welz
  *Pro hac vice application pending*
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

NATIONAL CENTER FOR
LESBIAN RIGHTS

By: /s Shannon P. Minter
Shannon P. Minter
Amy Whelan
Christopher F. Stoll
  *Pro hac vice applications pending*
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 392-6257
Facsimile: (415) 392-8442

*Attorneys for Intervenor-Defendant
Garden State Equality*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/EFC and via Email.

                                            _/s/  [SIGNATURE]_
                                            NAME