UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA KING, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action<br>Case No. 3:13-CV-5038-FLW-LHG<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Lois H. Goodman, U.S.M.J. |

**DEFENDANT-INTERVENOR GARDEN STATE EQUALITY'S ANSWER
AND AFFIRMATIVE DEFENSES**

Michael Gluck
Andrew Bayer
GLUCK WALRATH LLP
428 River View Plaza
Trenton, NJ 08611
Telephone: (609) 278-3900
Facsimile: (609) 278-3901

Frank Holozubiec
David S. Flugman
Brett J. Broadwater
Shireen A. Barday
Andrew C. Orr
　*Admitted Pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-- and --

Andrew Welz
　*Admitted Pro hac vice*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Shannon P. Minter
Amy Whelan
Christopher F. Stoll
　*Admitted Pro hac vice*
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 392-6257
Facsimile: (415) 392-8442

*Attorneys for Defendant-Intervenor Garden State Equality*

The Plaintiffs in this case are Dr. Tara King, 522 Brick Blvd., Brick, New Jersey 08723, Dr. Ronald Newman, Linwood Professional Plaza, Suite 9, 2021 New Rd. Linwood, New Jersey 08221, the National Association for Research and Therapy of Homosexuality, 5282 S. Commerce Drive, Suite D-272, Murray, Utah 84107, and the American Association of Christian Counselors, 129 Vista Centre Dr., Forest, Virginia 24551. The Defendants named in this case are Governor Chris Christie, P.O. Box 001, Trenton, New Jersey 08625, Eric Kanefsky, Director of the New Jersey Department of Law and Public Safety, Division of Consumer Affairs, 124 Halsey Street, Newark, New Jersey 07102, Milagros Collazo, Executive Director of the New Jersey Board of Marriage and Family Therapy Examiners, P.O. Box 45007, Newark, New Jersey 07101, J. Michael Walker, Executive Director of the New Jersey Board of Psychological Examiners, P.O. Box 45017, Newark, New Jersey 07101, Paul Jordan, President of the New Jersey State Board of Medical Examiners, P.O. Box 183, Trenton, New Jersey 08625.

At issue in this lawsuit is Plaintiffs' challenge to Assembly Bill Number 3371 ("A3371"), which passed with significant majorities in both the New Jersey Senate and Assembly.  Governor Christopher Christie signed the bill into law on August 19, 2013.  A3371 codifies the long-standing consensus among the major professional associations of mental health practitioners and researchers in the United States that "sexual orientation change efforts" ("SOCE") pose critical health risks to lesbian, gay, and bisexual people, including depression, substance abuse, self-hatred, and suicidality.  A3371 therefore prohibits licensed mental health providers from engaging in SOCE with patients under 18 years of age.

Garden State Equality, the largest civil rights organization in the State of New Jersey and a leading advocate for New Jersey's lesbian, gay, bisexual, and transgender ("LGBT") residents, concurrently moves this Court for permission to intervene as a party defendant pursuant to

Rule 24(b) of the Federal Rules of Civil Procedure.  As Garden State Equality establishes in its accompanying memorandum of law in support of its motion to intervene, it was one of the primary organizational supporters of A3371, and its more than 125,000 members include New Jersey residents who are most in need of the protections provided by the statute.  Garden State Equality's participation in this case will not expand the issues before the Court, prejudice any party, or cause any delay in the case schedule.  Moreover, because of Garden State Equality's unique position as a primary sponsor of the statute and its deep understanding of the scientific and medical consensus rejecting the prohibited practices, it will assist the Court in efficiently adjudicating the existing parties' rights.

Defendant-Intervenor Garden State Equality hereby responds to the complaint ("Complaint") of Plaintiffs as stated below.  Defendant-Intervenor reserves the right to assert and rely upon other facts or defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend its answer and/or affirmative defenses accordingly.   Defendant-Intervenor has not knowingly or intentionally waived any applicable affirmative defense.

## **INTRODUCTION**

1.      In answer to paragraph 1 of the Complaint, Defendant-Intervenor admits that the Governor of New Jersey recently signed into law Assembly Bill Number 3371 ("A3371") and that the law would become effective immediately, unless enjoined.  Defendant-Intervenor admits that A3371 is "An Act concerning the protection of minors from attempts to change sexual orientation."  With respect to the Complaint's allegation about the reasons Plaintiffs bring this lawsuit, Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegation and, on that basis, denies it.  To the extent the allegations

contained in paragraph 1 of the Complaint constitute argument and legal conclusions, Defendant-Intervenor denies them as not requiring a response.   Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.   Except as specifically admitted herein, Defendant-Intervenor denies the allegations.

2.      In answer to paragraph 2 of the Complaint, Defendant-Intervenor Defendant-Intervenor admits that federal law speaks for itself.   Except as specifically admitted, Defendant-Intervenor denies the allegations.

3.      In answer to paragraph 3 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

4.      In answer to paragraph 4 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

5.      In answer to paragraph 5 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

6.      In answer to paragraph 6 of the Complaint, Defendant-Intervenor denies the allegations contained therein.   Defendant-Intervenor also expressly denies that SOCE counseling provides any value or benefit to anyone.

7.      In answer to paragraph 7 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

8.      In answer to paragraph 8 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

9.      In answer to paragraph 9 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

10.     In answer to paragraph 10 of the Complaint, Defendant-Intervenor admits that Plaintiffs seek the relief that they allege.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

## JURISDICTION AND VENUE

11.     In answer to paragraph 11 of the Complaint, Defendant-Intervenor admits that the Plaintiffs allege violations of the First and Fourteenth Amendments to the United States Constitution and violations of the New Jersey Constitution.  Defendant-Intervenor denies that Plaintiffs have stated a valid claim under any of those constitutional provisions and denies that any of Plaintiffs' causes of action have merit.  With respect to Plaintiffs' citation to the Civil Rights Act (42 U.S.C. § 1983), Defendant-Intervenor denies that Plaintiffs have stated a valid claim under the Civil Rights Act (42 U.S.C. § 1983) or have a right to any remedy or relief under the Civil Rights Act (42 U.S.C. § 1983).

12.     In answer to paragraph 12 of the Complaint, Defendant-Intervenor admits that the Complaint seeks to invoke this Court's jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.  Defendant-Intervenor admits that the Complaint seeks this Court's exercise of supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.  Defendant-Intervenor denies that this Court should exercise supplemental jurisdiction over any portion of this case. Except as specifically admitted, Defendant-Intervenor denies the allegations.

13.     In answer to paragraph 13 of the Complaint, Defendant-Intervenor admits that the Court is authorized generally to grant relief regarding costs and attorneys' fees pursuant to 42 U.S.C. § 1988.  Defendant-Intervenor denies that Plaintiffs have a right to any remedy or relief under 42 U.S.C. § 1988.

14.     In answer to paragraph 14 of the Complaint, Defendant-Intervenor admits that the Court is authorized generally to grant declaratory and injunctive relief.  Defendant-Intervenor denies that Plaintiffs have a right to any of these remedies or relief.

15.     In answer to paragraph 15 of the Complaint, Defendant-Intervenor admits that venue is proper under 28 U.S.C. § 1391(b) and that Defendants maintain offices in the district. Except as specifically admitted, Defendant-Intervenor denies the allegations.

## PARTIES

16.     In answer to paragraph 16 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

17.     In answer to paragraph 17 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

18.     In answer to paragraph 18 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

19.     In answer to paragraph 19 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

20.     In answer to paragraph 20 of the Complaint, Defendant-Intervenor admits that Defendant Christopher J. Christie is the Governor of the State of New Jersey.  Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

21.     In answer to paragraph 21 of the Complaint, Defendant-Intervenor admits that Eric T. Kanefsky is Director of the New Jersey Department of Law and Public Safety: Division of Consumer Affairs.  Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

22.     In answer to paragraph 22 of the Complaint, Defendant-Intervenor admits that Defendant Milagros Collazo is the Executive Director of the New Jersey Board of Marriage and Family Therapy Examiners.  Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

23.     In answer to paragraph 23 of the Complaint, Defendant-Intervenor admits that Defendant J. Michael Walker is the Executive Director of the New Jersey Board of Psychological Examiners.  Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

24.     In answer to paragraph 24 of the Complaint, Defendant-Intervenor admits that Defendant Paul Jordon is the President of the New Jersey State Board of Medical Examiners. Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

<u>**GENERAL FACTUAL ALLEGATIONS**</u>

25.     In answer to paragraph 25 of the Complaint, Defendant-Intervenor admits that the legislative history of A3371 speaks for itself.  With respect to the purported attachment of A3371 to the Complaint, Defendant-Intervenor states that the document speaks for itself.

26.     In answer to paragraph 26 of the Complaint, Defendant-Intervenor admits that Section 2(a) of A3371 speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

27.     In answer to paragraph 27 of the Complaint, Defendant-Intervenor admits that Section 2(b) of A3371 speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

28.     In answer to paragraph 28 of the Complaint, Defendant-Intervenor admits that Section 3 of A3371 speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

29.     In answer to paragraph 29 of the Complaint, Defendant-Intervenor admits that the APA Code speaks for itself.  In particular, this section of the code also provides that psychologists be "aware of and respect cultural, individual and role differences, including those based on age, gender, gender identity, race, ethnicity, culture, national origin, religion, sexual orientation, disability, language and socioeconomic status," that they "try to eliminate the effect on their work of biases based on those factors" and that they "do not knowingly participate in or condone activities of others based upon such prejudices."  Except as specifically admitted, Defendant-Intervenor denies the allegations.

30.     In answer to paragraph 30 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

31.     In answer to paragraph 31 of the Complaint, Defendant-Intervenor admits that the APA Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

32.     In answer to paragraph 32 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

33.     In answer to paragraph 33 of the Complaint, Defendant-Intervenor admits that the APA Guidelines speak for themselves.  Upon information and belief, Defendant-Intervenor denies that the quoted section comes from the *American Psychiatric Association Guidelines for Ethical Treatment*; rather, it comes from the APA's *Guidelines for Ethical Practice in Organized Settings*.  Plaintiffs have also excluded a portion of this guideline which adds, "A Psychiatrist's treatment plan shall be based upon clinical, scientific, or generally accepted standards of treatment…"  These guidelines also state that "[a] psychiatrist should not be a party to any type of policy that excludes, segregates, or demeans the dignity of any patient because of ethnic origin, race, sex, creed, age, socioeconomic status, or sexual orientation."  Except as specifically admitted, Defendant-Intervenor denies the allegations.

34.     In answer to paragraph 34 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

35.     In answer to paragraph 35 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

36.     In answer to paragraph 36 of the Complaint, Defendant-Intervenor admits that the APA Guidelines speak for themselves.  Upon information and belief, Defendant-Intervenor denies that the quoted section comes from the *American Psychiatric Association Guidelines for Ethical Treatment*; rather, it comes from the APA's *Guidelines for Ethical Practice in Organized Settings*.

37.     In answer to paragraph 37 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

38.     In answer to paragraph 38 of the Complaint, Defendant-Intervenor admits that the AMA Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

39.     In answer to paragraph 39 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

40.     In answer to paragraph 40 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

41.     In answer to paragraph 41 of the Complaint, Defendant-Intervenor admits that the AMA Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

42.     In answer to paragraph 42 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

43.     In answer to paragraph 43 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

44.     In answer to paragraph 44 of the Complaint, Defendant-Intervenor admits that the ACA Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

45.     In answer to paragraph 45 of the Complaint, Defendant-Intervenor admits that the ACA Code speaks for itself.  Defendant-Intervenor denies that Plaintiffs have included the full sentence in Section B.5.b, which states, "Counselors are sensitive to the cultural diversity of families and respect the inherent rights and responsibilities of parents/guardians over the welfare of their children/charges *according to law*" (emphasis on language missing from

paragraph 45 of the Complaint).  Except as specifically admitted, Defendant-Intervenor denies the allegations contained therein.

46.     In answer to paragraph 46 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

47.     In answer to paragraph 47 of the Complaint, Defendant-Intervenor admits that the ACA Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

48.     In answer to paragraph 48 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

49.     In answer to paragraph 49 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

50.     In answer to paragraph 50 of the Complaint, Defendant-Intervenor admits that the AAMFT Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

51.     In answer to paragraph 51 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

52.     In answer to paragraph 52 of the Complaint, Defendant-Intervenor admits that the AAMFT Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

53.     In answer to paragraph 53 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

54.     In answer to paragraph 54 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

55.     In answer to paragraph 55 of the Complaint, Defendant-Intervenor admits that the NASW Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

56.     In answer to paragraph 56 of the Complaint, Defendant-Intervenor admits that A3371 purports to advance, and indeed does advance, the compelling interest of protecting children.  Defendant-Intervenor denies the remaining allegations contained in paragraph 56.

57.     In answer to paragraph 57 of the Complaint, Defendant-Intervenor admits that the NASW Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

58.     In answer to paragraph 58 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

59.     In answer to paragraph 59 of the Complaint, Defendant-Intervenor admits that the NASW Code speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

60.     In answer to paragraph 60 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

61.     In answer to paragraph 61 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

62.     In answer to paragraph 62 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

## DR. TARA KING

63.     In answer to paragraph 63 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, denies the allegations contained therein.  To the extent that paragraph 63 attempts to incorporate by reference "Dr. King's declaration in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction," Defendant-Intervenor also denies that the declaration is thereby effectively incorporated and denies any allegations that may thereby be incorporated.

64.     In answer to paragraph 64 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

65.     In answer to paragraph 65 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

66.     In answer to paragraph 66 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

67.     In answer to paragraph 67 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

68.     In answer to paragraph 68 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

69.     In answer to paragraph 69 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

70.     In answer to paragraph 70 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

71.     In answer to paragraph 71 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

72.     In answer to paragraph 72 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

73.     In answer to paragraph 73 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

74.    In answer to paragraph 74 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

75.    In answer to paragraph 75 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

76.    In answer to paragraph 76 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

77.    In answer to paragraph 77 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

78.    In answer to paragraph 78 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

79.    In answer to paragraph 79 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on

that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

80.    In answer to paragraph 80 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

81.    In answer to paragraph 81 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

82.    In answer to paragraph 82 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

83.    In answer to paragraph 83 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

84.    In answer to paragraph 84 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

85.     In answer to paragraph 85 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

86.     In answer to paragraph 86 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

87.     In answer to paragraph 87 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

88.     In answer to paragraph 88 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

89.     In answer to paragraph 89 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

90.     In answer to paragraph 90 of the Complaint, Defendant-Intervenor denies the allegation that "homosexuals frequently suffer from multiple mental health issues" as an irrelevant, unsupported argument not requiring a response.   Defendant-Intervenor lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

91.     In answer to paragraph 91 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

92.     In answer to paragraph 92 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

93.     In answer to paragraph 93 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

94.     In answer to paragraph 94 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

95.     In answer to paragraph 95 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

96.     In answer to paragraph 96 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

97.     In answer to paragraph 97 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

98.     In answer to paragraph 98 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

99.     In answer to paragraph 99 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

100.    In answer to paragraph 100 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.   Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

101.    In answer to paragraph 101 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on

that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

102.    In answer to paragraph 102 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

103.    In answer to paragraph 103 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

104.    In answer to paragraph 104 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

105.    In answer to paragraph 105 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

106.    In answer to paragraph 106 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

107.    In answer to paragraph 107 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

108.    In answer to paragraph 108 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

109.    In answer to paragraph 109 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

110.    In answer to paragraph 110 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

111.    In answer to paragraph 111 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

112.    In answer to paragraph 112 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

113.    In answer to paragraph 113 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

114.    In answer to paragraph 114 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

115.    In answer to paragraph 115 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

116.    In answer to paragraph 116 of the Complaint, Defendant-Intervenor denies the allegations that A3371 forces Dr. King to violate any ethical codes.  As to the remaining allegations, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

117.    In answer to paragraph 117 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

118.    In answer to paragraph 118 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

## DR. RONALD NEWMAN

119.    In answer to paragraph 119 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

120.    In answer to paragraph 120 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  To the extent that paragraph 120 attempts to incorporate by reference "Dr. Newman's declaration in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction," Defendant-Intervenor also denies that the declaration is thereby effectively incorporated and denies any allegations that may thereby be incorporated.

121.    In answer to paragraph 121 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

122.    In answer to paragraph 122 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

123.    In answer to paragraph 123 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

124.    In answer to paragraph 124 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

125.    In answer to paragraph 125 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

126.    In answer to paragraph 126 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

127.    In answer to paragraph 127 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

128.    In answer to paragraph 128 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

129.    In answer to paragraph 129 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

130.    In answer to paragraph 130 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

131.    In answer to paragraph 131 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

132.    In answer to paragraph 132 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

133.    In answer to paragraph 133 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

134.    In answer to paragraph 134 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

135.    In answer to paragraph 135 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

136.    In answer to paragraph 136 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

137.    In answer to paragraph 137 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

138.    In answer to paragraph 138 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

139.    In answer to paragraph 139 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

140.    In answer to paragraph 140 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

141.    In answer to paragraph 141 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

142.    In answer to paragraph 142 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

143.    In answer to paragraph 143 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  Defendant-Intervenor also denies the allegations in this paragraph as irrelevant to this matter.

144.    In answer to paragraph 144 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

145.    In answer to paragraph 145 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

146.    In answer to paragraph 146 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

147.    In answer to paragraph 147 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

148.    In answer to paragraph 148 of the Complaint, Defendant-Intervenor denies the allegations that A3371 forces Dr. Newman to violate any ethical code.  Defendant-Intervenor denies the allegations that Dr. Newman would violate A3371 if he "refers to a licensed professional" or "if he refers to an unlicensed counselor."  As to the remaining allegations, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

**<u>NARTH</u>**

149.    In answer to paragraph 149 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on

that basis, denies the allegations contained therein.  To the extent that paragraph 149 attempts to incorporate by reference "David Pruden's declaration on behalf of NARTH in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction," Defendant-Intervenor also denies that the declaration is thereby effectively incorporated and denies any allegations that may thereby be incorporated.

150.    In answer to paragraph 150 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

151.    In answer to paragraph 151 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

152.    In answer to paragraph 152 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

153.    In answer to paragraph 153 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

154.    In answer to paragraph 154 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

155.    In answer to paragraph 155 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

156.    In answer to paragraph 156 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

157.    In answer to paragraph 157 of the Complaint, Defendant-Intervenor admits that A3371 speaks for itself.

158.    In answer to paragraph 158 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

159.    In answer to paragraph 159 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

160.    In answer to paragraph 160 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

161.    In answer to paragraph 161 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

162.    In answer to paragraph 162 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

163.    In answer to paragraph 163 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

164.    In answer to paragraph 164 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

165.    In answer to paragraph 165 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

166.    In answer to paragraph 166 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

167.    In answer to paragraph 167 of the Complaint, Defendant-Intervenor denies the allegations that A3371 forces NARTH members to violate any ethical codes.  Defendant-Intervenor denies the allegations that NARTH members would violate A3371 if they "refer to someone who" engages in SOCE counseling.  Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations contained therein.

## AACC

168.    In answer to paragraph 168 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.  To the extent that paragraph 168 attempts to incorporate by reference "Dr. Scalise's declaration on behalf of AACC in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction," Defendant-Intervenor also denies that the declaration is thereby effectively incorporated and denies any allegations that may thereby be incorporated.

169.    In answer to paragraph 169 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

170.    In answer to paragraph 170 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

171.    In answer to paragraph 171 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

172.    In answer to paragraph 172 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

173.    In answer to paragraph 173 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

174.    In answer to paragraph 174 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

175.    In answer to paragraph 175 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

176.    In answer to paragraph 176 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

177.    In answer to paragraph 177 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

178.    In answer to paragraph 178 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

179.   In answer to paragraph 179 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.

180.   In answer to paragraph 180 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.

## COUNT I

181.   In answer to paragraph 181 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 180 of the Complaint set forth above in paragraphs 1 through 180 of this Answer as though fully set forth herein.

182.   In answer to paragraph 182 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

183.   In answer to paragraph 183 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

184.   In answer to paragraph 184 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

185.   In answer to paragraph 185 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

186.   In answer to paragraph 186 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

187.   In answer to paragraph 187 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

188.    In answer to paragraph 188 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

189.    In answer to paragraph 189 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor also denies the allegations as irrelevant to this matter.

190.    In answer to paragraph 190 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

191.    In answer to paragraph 191 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

192.    In answer to paragraph 192 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

193.    In answer to paragraph 193 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

194.    In answer to paragraph 194 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

195.    In answer to paragraph 195 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

196.    In answer to paragraph 196 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

197.    In answer to paragraph 197 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

198.    In answer to paragraph 198 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

199.     In answer to paragraph 199 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

200.     In answer to paragraph 200 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

201.     In answer to paragraph 201 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## COUNT II

202.     In answer to paragraph 202 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 201 of the Complaint set forth above in paragraphs 1 through 201 of this Answer as though fully set forth herein.

203.     In answer to paragraph 203 of the Complaint, Defendant-Intervenor admits that Article I, § 6 of the Constitution of the State of New Jersey speaks for itself.

204.     In answer to paragraph 204 of the Complaint, Defendant-Intervenor admits that Article I, § 6 of the Constitution of the State of New Jersey speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

205.     In answer to paragraph 205 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

206.     In answer to paragraph 206 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

207.     In answer to paragraph 207 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

208.     In answer to paragraph 208 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

209.     In answer to paragraph 209 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

210.     In answer to paragraph 210 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

211.     In answer to paragraph 211 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

212.     In answer to paragraph 212 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

213.     In answer to paragraph 213 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

214.     In answer to paragraph 214 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

215.     In answer to paragraph 215 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

216.     In answer to paragraph 216 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

217.     In answer to paragraph 217 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

218.    In answer to paragraph 218 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

219.    In answer to paragraph 219 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

220.    In answer to paragraph 220 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

221.    In answer to paragraph 221 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

222.    In answer to paragraph 222 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## **COUNT III**

223.    In answer to paragraph 223 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 222 of the Complaint set forth above in paragraphs 1 through 222 of this Answer as though fully set forth herein.

224.    In answer to paragraph 224 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

225.    In answer to paragraph 225 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

226.    In answer to paragraph 226 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

227.    In answer to paragraph 227 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

228.    In answer to paragraph 228 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

229.    In answer to paragraph 229 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

230.    In answer to paragraph 230 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

231.    In answer to paragraph 231 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## COUNT IV

232.    In answer to paragraph 232 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 231 of the Complaint set forth

in paragraphs 1 through 231 of this Answer as though fully set forth herein.

233.   In answer to paragraph 233 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

234.   In answer to paragraph 234 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

235.   In answer to paragraph 235 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

236.   In answer to paragraph 236 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

237.   In answer to paragraph 237 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

238.   In answer to paragraph 238 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

239.   In answer to paragraph 239 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

240.   In answer to paragraph 240 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

241.   In answer to paragraph 241 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

242.    In answer to paragraph 242 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

243.    In answer to paragraph 243 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

244.    In answer to paragraph 244 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## COUNT V

245.    In answer to paragraph 245 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 244 of the Complaint set forth in paragraphs 1 through 244 of this Answer as though fully set forth herein.

246.    In answer to paragraph 246 of the Complaint, Defendant-Intervenor admits that Article I, § 3 of the Constitution of the State of New Jersey speaks for itself.

247.    In answer to paragraph 247 of the Complaint, Defendant-Intervenor admits that Article I, § 5 of the Constitution of the State of New Jersey speaks for itself.

248.    In answer to paragraph 248 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

249.    In answer to paragraph 249 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

250.    In answer to paragraph 250 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

251.    In answer to paragraph 251 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

252.    In answer to paragraph 252 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

253.    In answer to paragraph 253 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

254.    In answer to paragraph 254 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

255.    In answer to paragraph 255 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

256.    In answer to paragraph 256 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

257.    In answer to paragraph 257 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

258.    In answer to paragraph 258 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-

Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## COUNT VI

259.     In answer to paragraph 259 of the Complaint, Defendant-Intervenor incorporates by reference its responses to paragraphs 1 through 258 of the Complaint set forth in paragraphs 1 through 258 of this Answer as though fully set forth herein.

260.     In answer to paragraph 260 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

261.     In answer to paragraph 261 of the Complaint, Defendant-Intervenor admits that federal law speaks for itself.  Except as specifically admitted, Defendant-Intervenor denies the allegations.

262.     In answer to paragraph 262 of the Complaint, Defendant-Intervenor lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations contained therein.

263.     In answer to paragraph 263 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

264.     In answer to paragraph 264 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

265.     In answer to paragraph 265 of the Complaint, Defendant-Intervenor denies the allegations contained therein.

266.    In answer to paragraph 266 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have suffered or will suffer any hardship or injury.

267.    In answer to paragraph 267 of the Complaint, Defendant-Intervenor denies the allegations contained therein.  Defendant-Intervenor specifically denies that Plaintiffs have stated any valid claims or that Plaintiffs have a right to any remedy or relief.  Defendant-Intervenor denies that the Court should grant any of the relief set forth in the Complaint's Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)
By Defendant-Intervenor Against All Plaintiffs

Plaintiffs' claims fail to allege facts sufficient to state or constitute a claim for a violation of the U.S. Constitution, the Civil Rights Act (42 U.S.C. §§ 1985 and 1983), or the New Jersey Constitution, or any other laws and further fail to allege facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever.  In addition, Plaintiffs are not entitled to costs or attorney's fees under 42 U.S.C. § 1988 or otherwise.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)
By Defendant-Intervenor Against All Plaintiffs

The Court lacks subject matter jurisdiction over all or some of the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
(No Deprivation of Rights)
By Defendant-Intervenor Against All Plaintiffs

None of the statutes challenged in the Complaint have deprived or will deprive any person of any right, privilege or interest guaranteed by the New Jersey Constitution or the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Ripeness)
By Defendant-Intervenor Against All Plaintiffs

Plaintiffs' claims fail because some or all are not ripe for adjudication.

### FIFTH AFFIRMATIVE DEFENSE
(Lack of Standing)
By Defendant-Intervenor Against All Plaintiffs

Plaintiffs' claims fail because Plaintiffs do not have standing to assert some or all of them.

### SIXTH AFFIRMATIVE DEFENSE
(Lack of Damage)
By Defendant-Intervenor Against All Plaintiffs

The Complaint and each claim for relief alleged therein are barred because Plaintiffs have not suffered any damage.

### SEVENTH AFFIRMATIVE DEFENSE
(Injury to the Public)
By Defendant-Intervenor Against All Plaintiffs

Plaintiffs are barred from obtaining relief sought in the Complaint because such relief would cause undue injury to the public.

### RESERVATION OF AFFIRMATIVE DEFENSES
By Defendant-Intervenor Against All Plaintiffs

Defendant-Intervenor has not knowingly or intentionally waived any applicable affirmative defense.  Defendant-Intervenor reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be

raised or asserted by others in this case, and to amend its answer and/or affirmative defenses

accordingly.   Defendant-Intervenor further reserves the right to amend its answer to delete

affirmative defenses that it determines are not applicable after subsequent discovery.

WHEREFORE, Defendant-Intervenor Garden State Equality prays as follows:

1.      That Plaintiffs take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety with prejudice; and

3.      For such other and further relief as this Court may deem just and proper.

Dated: October 16, 2013                          GLUCK WALRATH LLP

By:  *s/ Andrew Bayer*
Michael Gluck
Andrew Bayer
Ryan M. Jones
428 River View Plaza
Trenton, NJ 08611
Telephone:     (609) 278-3900

KIRKLAND & ELLIS LLP

Frank J. Holozubiec
David S. Flugman
Brett J Broadwater
Shireen A. Barday
Andrew C. Orr
  *Admitted Pro hacs vice*
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800

-- and --

Andrew Welz
  *Admitted Pro hac vice*
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000

NATIONAL CENTER FOR
LESBIAN RIGHTS

Shannon P. Minter

Amy Whelan
Christopher Stoll
  *Admitted Pro hac vice*
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone:   (415) 392-6257

*Attorneys for Defendant-Intervenor Garden*
*State Equality*

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

Pursuant to Local Civil Rule 11.2, I, Andrew Bayer, the undersigned attorney of record for Defendant-Intervenor, do hereby certify based on my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  October 16, 2013                              */s/ Andrew Bayer*
                                                      Andrew Bayer, Esquire

45

## CERTIFICATE OF SERVICE

I, Andrew Bayer, hereby certify that a copy of Defendant-Intervenor's Answer was

served this 16th day of October, 2013 upon all counsel via the Court's CM/ECF system.  This

document is available for viewing and downloading from the CM/ECF system.

*/s/ Andrew Bayer*
Andrew Bayer, Esquire
